

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~
ATTORNEY GENERAL

<u>This Opinion Overrules Opinion
#0-834 and Overrules 0-1447 in
part.</u>

Honorable R. C. Neaves
County Auditor, Grayson County
Sherman, Texas

Dear Sir:

Opinion No. 0-5951
Re: Salaries of various deputies of
the County Tax-Assessor Collec-
tor.

Your letter of April 7, 1944, requesting the opinion
of this department on the questions stated therein, is, in
part, as follows:

"1. May the County Auditor approve warrants
drawn on the Grayson County Officers' Salary Fund,
payable to the deputy or deputies working in the
branch office of the Assessor and Collector of Taxes
in excess of an aggregate total of $1,200.00 for any
one calendar year?

"For your consideration I submit the following
information:

"'The Assessor and Collector of Taxes of Grayson
County, Texas, with the consent and approval of the
Commissioners' Court, maintains a branch office in
Denison, a city in Grayson County other than the county
seat. The city of Denison is located about ten miles
from Sherman, the county seat, and a great volume of
business is handled by the deputies stationed in the
branch office there. Their work consists of collect-
ing and issuing receipts for property taxes, issuing
poll tax receipts, registering motor vehicles and is-
suing license plates therefor. According to the last
Federal census, Grayson County had a population of
69,499 inhabitants, and the city of Denison had a
population of 15,581 inhabitants.'

"At the January 1944 Term of the Commissioners'
Court, the Assessor and Collector of Taxes of Grayson
County, Texas, submitted his application for deputy
hire for the operation of the above mentioned branch
office for the year 1944, same being approved as pre-
sented by the Commissioners' Court as follows:

"One full time deputy at an annual salary of $1,440.00
"One deputy for four months @ $85.00 per month   340.00
"One deputy for month of January                 150.00
"One deputy for half of month of January          75.00
"One poll writer for month of January             82.50
"One poll writer for half month of January        41.25

"Total deputy hire approved for the branch
office for the year                         $2,128.75

"In other words, would it be mandatory upon the
County Auditor to refuse to sign a  county warrant drawn
on the County Officers' Salary Fund, in payment of com-
pensation to the above mentioned deputies, after the
$1,200.00 has been exhausted, regardless of what portion
of the year is left?

"2.  May the County Auditor approve a county war-
rant in payment of daily travel expense for a deputy
tax assessor and collector going from Sherman, the
county seat, to Denison and return, while working in
said branch office? * * *"

Article 7256, Vernon's Annotated Civil Statutes, among
other things, provides, in effect, that in all counties contain-
ing a city or town, other than the county seat, which has in
excess of 7,000 inhabitants according to the last Federal Census,
the assessor and collector of taxes, with the consent and ap-
proval of the commissioners' court, may appoint a deputy assis-
tant collector of taxes in such town or city, who shall have the
right to collect taxes from all persons who desire to pay their
taxes to him, and to issue a valid receipt therefor, and that
such deputy is authorized to receive a fee of not exceeding
twenty-five cents when receipt issued covers property taxes, and
that such deputy shall receive no other compensation for his
services, and that such deputy shall not retain more than $1,200
for any one calendar year, and the balance, if any, shall be
deposited to the credit of the General Fund of the county.

Section 61, Article 16 of the State Constitution, pro-
vides:

"All district officers of the State of Texas
and all county officers in counties having a popula-
tion of twenty thousand or more, according to the
then last preceding Federal Census, shall from the
first day of January and thereafter subsequent to
the first regular or special session of the Legisla-
ture after the adoption of this resolution, be com-
pensated on a salary basis.  In all counties in

this State, the commissioners' court shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis; but in counties having a population of less than twenty thousand, according to the then last preceding Federal Census, the commissioners' Court shall also have the authority to determine whether county officials shall be compensated on a fee basis or on a salary basis.

"All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners' Court may direct. All Notaries Public, county surveyors and public weighers shall continue to be compensated on a fee basis."

Section 1 of Article 3912e, Vernon's Annotated Civil Statutes, provides:

"No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for an to pay all such monies received by him into the fund or funds created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State, but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties."

Section 5 of Article 3912e, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them.  As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. * * *"

Article 3902, Vernon's Annotated Civil Statutes, is a general statute regarding the appointment of deputies, assistants or clerks of any district, county or precinct office, and applies to all counties within the population bracket therein contained.  This statute sets out the procedure to be followed whenever a district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties, and Section 4 of this Article reads as follows:

"In counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, first assistant or chief deputy not to exceed Twenty-four Hundred ($2400.00) Dollars per annum; other assistants, deputies or clerks not to exceed Twenty-one Hundred ($2100.00) Dollars per annum each."

In view of the foregoing statutory and constitutional provisions, it is the opinion of this department, that the deputy assessor and collector of taxes in the branch office mentioned in your inquiry, must pay in all fees collected under Article 7256 to the Officers' Salary Fund.  The deputy in the branch office must be paid out of the Officers' Salary Fund of said county, and the maximum amount of his compensation cannot exceed $2,100 per annum.

It is our further opinion, in view of the foregoing statutory provisions and Section 61, Article 16 of the Constitution, that Article 3902 supersedes Article 7256 insofar as the salary of the deputy in the branch office is concerned.

The full time deputy in the branch office can receive any compensation for his services as set by the commissioners' court, provided, of course, that his compensation does not exceed $2,100 per annum.  The County Auditor would have no legal right to refuse to sign a county warrant drawn on the Officers' Salary Fund in the payment of compensation to such deputy whose salary or compensation has been fixed by the commissioners' court at $1440 per annum.

Article 2971, Vernon's Annotated Civil Statutes, provides:

"In all counties containing a city of ten thousand inhabitants or more, other then the county seat, such collector shall have a duly authorized and sworn deputy to represent him for the purpose of accepting poll taxes and giving receipts therefor, who shall keep his office for such purpose at some convenient place in such city during the entire month of January of each year, and he shall publish four weeks notice of the authority of such deputy and the location of the office."

The foregoing statute authorizes the county tax assessor and collector to have duly authorized and sworn deputy to represent him for the purpose of accepting poll taxes and giving receipts therefor in a city of ten thousand inhabitants or more, who shall keep his office for such purpose at some convenient place in said city during the entire month of January. With reference to the compensation of this deputy, or deputies, it is our opinion that such deputy or deputies, acting under the provisions of Article 2971, would be compensated under the applicable provisions of Article 3902, Vernon's Annotated Civil Statutes. The compensation of these deputies for the month of January would be payable out of the Officers' Salary Fund.

In answer to your question regarding the traveling expenses of the deputy assessor and collector of taxes in the branch office mentioned in your letter, who travels daily between Sherman and Denison, you are advised that it is our opinion that the county is not legally authorized to pay such traveling expenses. Stated another way, we have failed to find such statute authorizing such expenses to be paid out of county funds.

All other expenditure of county funds for the compensation of various deputies employed in the branch office as set forth in the order of the commissioners' court are unauthorized and the County Auditor has no legal authority to approve such claims. In other words, the deputy in the branch office and the deputy or deputies performing the duties mentioned in Article 2971 can be paid from the Officers' Salary Fund. The other deputies in the branch office cannot legally be paid.

Our Opinion No. 0-834 is hereby expressly overruled and our Opinion No. 0-1447 is overruled insofar as it conflicts with this opinion.

                                    Yours very truly

                              ATTORNEY GENERAL OF TEXAS


                                    By s/Ardell Williams
                                       Ardell Williams
                                       Assistant

AW:EP:wc


APPROVED APR 25, 1944
s/Geo. P. Blackburn
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman